No. 3623.—STATE OF LOUISIANA v. WARREN DENKINS.

> In a criminal trial on the charge of shooting at another, who was in pursuit of the accused, evidence showing that the person shot at was the sheriff of the parish at the time, is admissible to show that such person was in the peace of the State at the time of the shooting.

APPEAL from the Eighteenth Judicial District Court, parish of Webster. *Watkins, J. Thomas E. Paxton,* District Attorney, for the State. *G. W. Tompkins* and *A. B. George,* for defendant and appellant.

TALIAFERRO, J. The defendant having been indicted under the provisions of the seven hundred and ninety-second section of the Revised Statutes for an assault upon one G. W. Warren, by shooting at him, was found guilty, and from the sentence of the court thereon, of eight months' imprisonment in the penitentiary, has taken this appeal.

The grounds on which the defendant asks a reversal of the judgment, and that the case be remanded for a new trial, are set out in a bill of exceptions to the ruling of the court in regard to the admission of evidence to show that Warren, at the time of the commission of the offense, was sheriff of the parish of Webster, and acting officially in the discharge of his duties in that capacity.

From the statement of facts appearing in the record, it appears that the defendant shot at Warren while the latter, with a company of men, was in pursuit of and in the act of arresting him for the supposed commission of an act of felony; that a hue and cry had been raised, and that the sheriff and others were in pursuit of the defendant, endeavoring to make his escape, and that no warrant had been issued for his arrest.

The points made by the defendant are, that as he was not indicted for shooting at an officer, a different offense from the one charged, evidence was not admissible to show that G. W. Warren was a public officer; and that the officer having no warrant or authority, and no felony having been committed, there was nothing to justify pursuit by hue and cry, endangering the life of the defendant.

The court admitted the evidence for the purpose of enabling the prosecution to show that at the time the offense charged was committed, Warren was "in the peace of the State, and in the discharge of his, duties as a public officer." Archbold, vol. 1, p. 91; 6 An. 286, State v. Stouderman. We think this ruling correct.

It is therefore ordered that the judgment of the district court be affirmed, with costs.